# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

MARK COLSTON,

    Plaintiff,

v.

GABRIEL CRAMER,

    Defendant.
_____/

CASE NO. 07-CV-11061

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be *sua sponte* **DISMISSED WITH PREJUDICE** because it is duplicative of case number 06-CV-14842, which was dismissed with prejudice on June 7, 2007, and 07-CV-12726, in which a Report and Recommendation suggesting dismissal with prejudice is pending. Alternatively, I suggest that the case be dismissed with prejudice for failure to state a claim.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Mark Colston is a state prisoner who is currently incarcerated by the Michigan Department of Corrections ("MDOC") at its Ojibway Correctional Facility in Marenisco, Michigan. On February 6, 2007, Plaintiff filed this *pro se* civil rights action against Gabriel Cramer, a former corrections officer, in the United States District Court for the Western District

of Michigan.[1] The case was transferred to this district for proper venue on March 5, 2007, and was originally assigned to United States District Judge Gerald E. Rosen. Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), and service on Defendant Cramer was ordered. To date, Defendant Cramer has not filed an answer.

On May 2, 2008, the case was reassigned to United States District Judge Thomas L. Ludington as a possible companion case to 06-CV-14842. On May 6, 2008, all pretrial matters were referred to the undersigned magistrate judge. After reviewing the complaint in accordance with the Court's duty under 28 U.S.C. § 1915A, a Report and Recommendation is warranted.

**B.  Discussion**

Plaintiff alleges that in late 2004 through February 2005 he was sexually assaulted at the Cooper Street Correctional Facility by then-corrections officer Gabriel Cramer. He further claims that in March and April of 2005, after he was transferred to the Hiawatha Correctional Facility, Defendant Cramer mailed him some letters and a money order with the "intended purpose of Correctional Officials intercepting them." (Compl. ¶ 7.) Plaintiff claims that he has now learned that Defendant Cramer's conduct was in violation of Michigan criminal sexual conduct laws and "want[s] to pursue criminal charges against former Correctional Official Gabriel Cramer immediately . . . ." (Compl. § 16.) He also seeks as relief counseling and testing for sexually transmitted diseases. (*Id.*)

Plaintiff, however, has already filed a civil rights action against this Defendant stemming from the same set of facts, and the case was dismissed with prejudice on June 7, 2007. *See Colston*

---

[1] I note that, to date, Plaintiff has filed four cases against former corrections officer Gabriel Cramer. *See* E.D. Mich. case nos. 06-cv-14842 (dismissed with prejudice), 07-cv-11061 (this case), and 07-cv-12221 (dismissed as duplicative of 07-cv-11061), and 07-12726 (R&R pending).

2

*v. Cramer*, Case No. 06-CV-14842. Accordingly, I suggest that the instant action must be dismissed as duplicative. A suit is duplicative, and therefore subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See, e.g., Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999). The instant action is duplicative of Plaintiff's prior civil rights action where he likewise alleged that he and Defendant Cramer had a sexual relationship and that she violated his rights by sending him letters and a money order in March 2005 with the intended purpose that corrections officials intercept them. (Case No. 06-CV-14842, Compl. ¶¶ 2, 8.) Thus, because Plaintiff is suing the same Defendant and raising similar claims arising out of the same set of facts, it is recommended that the Court dismiss this case as duplicative.

Alternatively, since in this case the relief Plaintiff seeks is to press criminal sexual conduct charges against Defendant Cramer, relief which this Court cannot grant, *see Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978) ("the decision whether or not to prosecute . . . generally rests entirely in [a prosecutor's] discretion"), I suggest that the case be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections

3

a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                               s/ *Charles E. Binder*  
                                               CHARLES E. BINDER  
Dated: May 20, 2008                      United States Magistrate Judge

**CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Mark Colston, #230362, at Hiawatha Correctional Facility, 4533 Industrial Park Dr., Kincheloe, MI, 49786-0001, and served on District Judge Ludington in the traditional manner.

Date: May 20, 2008                          By     s/Jean L. Broucek  
                                                       Case Manager to Magistrate Judge Binder