UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK COLSTON,

        Plaintiff,

                                                Case Number 07-11061-BC
v.                                         Honorable Thomas L. Ludington

GABRIEL CRAMER,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING PLAINTIFF'S COMPLAINT AS DUPLICATIVE, AND DENYING PLAINTIFF'S MOTIONS AS MOOT

On January 21, 2007, Plaintiff Mark Colston ("Plaintiff"), an incarcerated pro se litigant, filed a civil rights complaint alleging that Defendant Gabriel Cramer ("Defendant"), a correctional officer, sexually assaulted him. Plaintiff alleges that Defendant mailed "disguised" letters to Plaintiff that subjected him to a higher level of scrutiny. Plaintiff asserts that Defendant did so in retaliation because of another civil rights complaint he filed against her. Plaintiff seeks to pursue criminal charges against Defendant, testing for sexually transmitted diseases, and counseling. Dkt. # 1 at 11.

The complaint, originally filed in the Western District of Michigan, was transferred to this district on March 13, 2007. Though originally assigned to Judge Gerald E. Rosen, the case was reassigned to this Court because the complaint appeared to be related to a complaint previous filed before this Court (06-14842). On referral, Magistrate Judge Charles E. Binder issued a report and recommendation that the Court dismiss Plaintiff's complaint because it is duplicative of case number 06-14842. The magistrate judge also recommended dismissal for the independent reason that complaint fails to state a claim upon which relief can be granted.

Plaintiff filed an objection contending that the "invited error" doctrine, *citing Gundy v. United States*, 728 F.2d 484, 488 (10th Cir. 1984), and the "first to file" rule, *citing Church of Scientology of California v. United States Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979), should guide this Court not to dismiss his complaint.

Before addressing Plaintiff's objection, the circumstances surrounding Plaintiff's previous filed complaint are pertinent. On October 26, 2006, Plaintiff filed a complaint asserting that Defendant sent contraband mail to Plaintiff with the intent of having prison officials classify him as a threat to security. Dkt. # 1 at ¶ 4-6 (06-14842). That complaint sought relief for a violation of his First Amendment rights pursuant to 42 U.S.C. § 1983. On June 7, 2007, the Court adopted a report and recommendation that Plaintiff's complaint be dismissed with prejudice for failure to exhaust available administrative remedies. Dkt. # 23 at 4 (06-14842).

Albeit Plaintiff's previous complaint and the instant complaint seek different relief, both advance allegations relating to the same conduct against the same defendant. Thus, Judge Binder recommended dismissing the instant complaint with prejudice as duplicative. Plaintiff's objection advances two arguments that are ultimately inapplicable.

First, Plaintiff contends that the doctrine of "invited error" applies because prison officials withheld from Plaintiff information that the contraband letters had been intercepted. The absence of the information, Plaintiff goes on to explain, prevented Plaintiff from timely exhausting his administrative remedies. The "invited error" doctrine bars a litigant at the appellate level from "complain[ing] on appeal of errors which he himself induced or invited." *Gundy v. United States*, 728 F.2d 484, 488 (10th Cir. 1984). This concept is inapplicable here for multiple reasons. First, the report suggests that the instant complaint is duplicative of a previous dismissed complaint. The

doctrine appears to be wholly irrelevant to whether the complaints are duplicative. Second, the invited error doctrine applies to whether an argument can be reviewed at the appellate level, not before a district court. Third, the action that serves as the factual basis of the invited error is that prison officials allegedly did not provide notice. This accusation complains of conduct of a non-party, not that of Defendant. There is no demonstration that Defendant "invited" the error.

Next, Plaintiff suggests that the "first to file rule" provides the Court with equitable flexibility to reject the report and recommendation. Dkt. # 27 at 8-9. The first-filed rule guides district courts in determining the appropriate venue when parties initiate similar actions in different venues. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007). The first-filed rule is inapplicable to the instant matter because venue is not at issue. The Court is not presented with multiple complaints filed by parties against each other in different venues. Instead, Plaintiff filed multiple complaints in the same venue. The first-filed rule is inapplicable.

Ultimately, the magistrate judge recommended dismissing the complaint because Plaintiff previously filed similar complaint that was dismissed with prejudice. Upon review, the complaints are sufficiently similar, and Plaintiff has not offered a valid reason why the complaint is not duplicative. Therefore, the Court will adopt the report and recommendation and dismiss the complaint with prejudice.

Lastly, Plaintiff filed various motions that are moot in light of the duplicative nature of the complaint. Each will de denied as such.

Accordingly, it is **ORDERED** that the report and recommendation is [Dkt. # 28] is **ADOPTED**, Plaintiff's objection [Dkt. # 29] is **OVERRULED**, and Plaintiff's complaint [Dkt. # 1] is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff's motion for discovery [Dkt. # 7], motion for discovery [Dkt. # 10], motion to appoint counsel [Dkt. # 11], motion for order compelling disclosure [Dkt. # 12], motion to amend to add evidence [Dkt. # 16], motion to compel discovery [Dkt. # 17], motion compelling discovery [Dkt. # 18], and motion for evidentiary hearing [Dkt. # 21] are **DENIED** as moot.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 12, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 12, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS